UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PIPE LINE CONTRACTORS ASSOCIATION,

    Plaintiff,

v.

UNITED ASSOCIATION OF JOURNEYMEN
AND APPRENTICES OF THE PLUMBING
AND PIPE FITTING INDUSTRY OF THE
UNITED STATES AND CANADA, AFL-CIO,
and its constituent Local Unions,

    Defendants.

Case No. 1:07-cv-00973

---

**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO
COMPLAINT AND PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

    Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("United Association" or "UA"), by and through undersigned counsel, for good cause, hereby moves to extend its time to respond to the Complaint and Plaintiff's Motion to Compel Defendant to Submit to Arbitration. In accordance with Local Rule 7(m), the undersigned counsel contacted counsel for the Plaintiff to request its consent to this Motion. As explained further in the accompanying Memorandum of Points and Authorities, Plaintiff declined to consent to requested extension.

    The reasons supporting this Motion are set forth in the accompanying Memorandum of Points and Authorities.

    Respectfully submitted,

Dated: June 8, 2007    By:  /s/_____
    James R. O'Connell (#61424A)
    Ellen O. Boardman (#375563)
    eboardman@odonoghuelaw.com
    Keith R. Bolek (#463129)
    kbolek@odonoghuelaw.com

2

        O'DONOGHUE & O'DONOGHUE LLP
        4748 Wisconsin Avenue, N.W.
        Washington, D.C. 20016
        (202) 362-0041 – phone
        (202) 237-1200 – facsimile

        Counsel for the Defendant
        United Association

161723_1.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PIPE LINE CONTRACTORS ASSOCIATION, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:07-cv-00973 |
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, and its constituent Local Unions, | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT AND TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

On May 24, 2007, the Pipe Line Contractors Association ("Plaintiff" or "PLCA") filed the above-captioned action alleging that Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("United Association," "UA" or "Union") violated Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), *inter alia*, by declining to submit to arbitration a grievance filed by the PLCA against the UA months earlier, on January 10, 2007. The grievance alleges that the Union breached the parties' collective bargaining agreement (the National Pipe Line Agreement or "NPLA") by increasing the rate that pipeline welders charge contractors for the rental of the welders' personal rigs from $15/hour (including the provision of gasoline) to $25/hour (including the provision of gasoline). The Union has denied that the grievance is arbitrable because the matter is expressly excluded from the parties' collective bargaining

agreement. The Complaint seeks money damages and an order compelling the Union to submit the grievance to arbitration. Complaint at ¶¶2 and 3.

The Complaint was served on Tuesday, May 29, 2007 making an Answer or other responsive pleading due to be filed by Monday, June 18, 2007.

On June 4, 2007, just six days after the Complaint was served, the PLCA filed a Motion to Compel Defendant to Submit to Arbitration ("Motion to Compel"). In that Motion, which is accompanied by a twenty-five page supporting memorandum and sixteen exhibits totaling over 300 hundred pages, Plaintiff seeks the very same relief it has sought in its lawsuit – namely, an order compelling the Union to submit the grievance at issue in this case to arbitration. Defendant's response to the Motion is also due to be filed by Monday, June 18.

Defendant respectfully requests an extension of time until Friday, July 20 to respond both to the Complaint and to the Motion to Compel. Good cause exists to grant the requested extension. First, in filing its Motion to Compel immediately on the heels of its Complaint, Plaintiff is seeking to deprive Defendant of the opportunity to fairly answer the Complaint, either by way of an Answer or a responsive motion. Indeed, by filing the Motion when it did, Plaintiff ensured that Defendant's response to the Complaint would fall due on the same day that Defendant's response to a full-blown motion for judgment on the merits is also due. Plaintiff's Motion to Compel is, in effect, a motion for summary judgment. *See Aliron International, Inc. v. Cherokee National Industries, Inc.*, 2006 U.S.Dist. LEXIS 44002 at *4 (D.D.C. 2006) ("district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate[]"); *Nelson v. Insignia/ESG, Inc.*, 215 F. Supp. 2d 143, 147 n.3 (D.D.C. 2002), *quoting Goodman v. ESPE Am., Inc.*, 2001 U.S. Dist. LEXIS 433 (E.D. Pa. 2001) ("A motion to compel arbitration is treated like a summary

judgment motion"). Under Rule 56(a) of the Federal Rules of Civil Procedure, a motion for summary judgment may not permissibly be filed before the "expiration of 20 days from the commencement of the action." Here, however, Plaintiff filed what is in effect a motion for summary judgment just six days after the commencement of the action, plainly prematurely. *See State of New York v. United States of America*, 869 F. Supp. 10, 12 n.1 (D.D.C. 1994). The requested extension is reasonable and is appropriate to give Defendant a fair opportunity to respond both to the Complaint and the Motion to Compel.

Additionally, at Plaintiff's request, the parties are currently engaged in settlement discussions. Such discussions will be neither fruitful nor productive if Defendant is required to respond to Plaintiff's pleadings by June 18.

Lead counsel in this case, Ellen O. Boardman, has a long-planned family vacation and is not scheduled to return to work until June 18. Due to this and the significant press of other business for all Defendant's counsel working on this matter, counsel will be unable to devote adequate time to the preparation of Defendant's response to the Complaint and its opposition to Plaintiff's lengthy Motion to Compel. Moreover, the current schedule provides little opportunity for Defendant's counsel to devote to settlement discussions.

In accordance with Local Rule 7(m), the undersigned counsel contacted counsel for the PLCA to confer on this Motion and seeks the PLCA's consent. Counsel for the PLCA advised the undersigned that the PLCA would consent to a 30 day extension of time only on the condition that, in the interim, the UA reduce the rig rental rate that welders charge contractors to $15.00/hour, the rate the PLCA is seeking to have this Court and the arbitrator impose by way of final relief in this matter.

Defendant will be seriously prejudiced in its ability to defend itself in this lawsuit without the requested extension. Given that Plaintiff waited almost five months after it filed the grievance at issue in this case before seeking to compel arbitration, a brief extension until July 20 will not unduly prejudice Plaintiff.

For the foregoing reasons, Defendant respectfully requests an extension until July 20, 2007 to respond to the Complaint and to respond to the Motion to Compel Defendant to Submit to Arbitration.

                                                                               Respectfully submitted,

Dated: June 8, 2007                         By:     /s/_____
                                                          James R. O'Connell (#61424)
                                                          Ellen O. Boardman (#375563)
                                                          eboardman@odonghuelaw.com
                                                          Keith R. Bolek (#463129)
                                                          kbolek@odonoghuelaw.com
                                                          O'DONOGHUE & O'DONOGHUE LLP
                                                          4748 Wisconsin Avenue, N.W.
                                                          Washington, D.C. 20016
                                                          (202) 362-0041 – phone
                                                          (202) 237-1200 – facsimile

                                                          Counsel for the Defendant
                                                          United Association

161806_1.DOC

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PIPE LINE CONTRACTORS ASSOCIATION, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:07-cv-00973 |
| : | |
| UNITED ASSOCIATION OF JOURNEYMEN : | |
| AND APPRENTICES OF THE PLUMBING : | |
| AND PIPE FITTING INDUSTRY OF THE : | |
| UNITED STATES AND CANADA, AFL-CIO, : | |
| and its constituent Local Unions, : | |
| : | |
| Defendants. : | |

## **O R D E R**

Upon consideration of Defendant's Motion to Extend Time to Respond to Complaint and to Plaintiff's Motion to Compel Defendant to Submit to Arbitration, and all responses received thereto, it is this ___ day of _____, 2007, hereby

ORDERED that Defendant's Motion is granted; and further

ORDERED that Defendant shall have until July 20, 2007 to file its response to Plaintiff's Complaint and its response to Plaintiff's Motion to Compel Defendant to Submit to Arbitration.

_____
Honorable Paul L. Friedman
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June 2007 true and accurate copies of Defendant's Motion to Extend Time to Respond to Complaint and Plaintiff's Motion to Compel Arbitration, along with Memorandum in Support and proposed Order, were served via electronic mail on the following:

> Lawrence D. Levien
> Nicole M. Morgan
> Akin, Gump, Straus, Hauer & Feld LLP
> 1333 New Hampshire Avenue, N.W.
> Washington, D.C. 20036

/s/_____
Ellen O. Boardman

161801_1.DOC