UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Pipe Line Contractors Association,<br><br>    Plaintiff,<br><br>    v.<br><br>United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, and its constituent Local Unions,<br><br>    Defendant. | Case No. 1:07-cv-00973 |

**MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

For the reasons set forth in the accompanying Memorandum In Support Of Plaintiff's Motion For Expedited Consideration of Plaintiff's Motion To Compel Arbitration, Plaintiff, Pipe Line Contractors Association, respectfully requests that, in the interests of justice, the Court order no additional extensions of time in this matter, consider the parties' submissions, and render a decision within fourteen (14) days of Defendant's submission of its Answer and Opposition to Plaintiff's Motion to Compel Arbitration without oral argument. Timely resolution of this dispute is essential as the Plaintiff's member contractors are incurring astronomical financial damages as a direct result of Defendant's unlawful breach of contract and its unlawful refusal to arbitrate an inherently arbitrable dispute.

1

Respectfully submitted,

/s/ L. D. L.

Lawrence D. Levien, Esq. (DC Bar No. 191528)

AKIN GUMP STRAUSS HAUER & FELD LLP

1333 New Hampshire Ave., N.W.

Washington, DC 20036

(202) 887-4000 (telephone)

(202) 887-4288 (facsimile)


Dated: June __, 2007      Counsel for PLCA

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Pipe Line Contractors Association,  )
                                    )
                                    )
    Plaintiff,                      )
                                    )
        v.                          )    Case No. 1:07-cv-00973
                                    )
United Association of Journeymen and
Apprentices of the Plumbing and Pipefitting
Industry of the United States and Canada,
AFL-CIO, and its constituent Local Unions,
                                    )
                                    )
                                    )
    Defendant.                      )
_____)

# MEMORANDUM OF LAW AND POINTS OF AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL ARBITRATION

Plaintiff, Pipe Line Contractors Association respectfully requests that the Court, in the interest of justice, refuse to grant any additional extensions of time with respect to this matter, consider the merits of Plaintiff's and Defendant's positions regarding the propriety of arbitration as expeditiously as possible based on the parties' submissions, and render its decision within fourteen (14) days of receiving Defendant's Opposition to Plaintiff's Motion to Compel Arbitration, without oral argument. Such expedited consideration and decision is necessary and appropriate given the astronomical financial damages being incurred by Plaintiff's member contractors as a direct result of Defendant's breach of the parties' collective bargaining agreement and unlawful refusal to submit this dispute to arbitration.

1

Plaintiff contractors are currently losing hundreds of thousands of dollars per week as a direct result of Defendant's increase of the rig rental rate to $25.00 per hour, in breach of the parties' collective bargaining agreement.[1] *See* Declaration of J. Patrick Tielborg In Support of Plaintiff's Motion For Expedited Consideration of Plaintiff's Motion To Compel Arbitration ("Tielborg Decl."), attached hereto as Ex. 1. Thus, for every week this dispute remains unresolved, Plaintiff's member contractors are forced to pay significant amounts of money out of their own pockets.[2] Defendant has already requested, and been granted, one delay of approximately thirty-two (32) days in this matter. *See* Order Granting Defendant's Motion for Extension of Time to Respond to Complaint and to Plaintiff's Motion to Compel Arbitration, dated June 11, 2007. Based on the amount of work set to begin, or already underway, it is not unreasonable to estimate that the extension granted by the Court may cost Plaintiff contractors *millions of dollars*. *Id.* Moreover, the losses incurred by Plaintiff contractors will only increase, as the summer months begin the contractor's peak work-season. *Id.* Any additional delays in considering and ultimately resolving this dispute will have significant detrimental financial consequences for the contractors and will, in effect, reward the Defendant for breaching the collective bargaining agreement by allowing UA welders to continue to demand and collect additional monies to which they are not rightly entitled.

---

[1] Defendant's prior assertion that the fact that Plaintiff waited five months before seeking relief in federal court demonstrates that delay will not prejudice Plaintiff is grossly misleading. Plaintiff did not immediately seek relief in federal court prior to May 2007 because it was seeking relief from the National Labor Relations Board before the summer construction season when work begins in earnest.

[2] Plaintiff member contractors are paying these additional monies out of their own pockets because the projects currently underway were, in most instances, bid and budgeted over a year ago, based on the contractually agreed upon rig rental rate of $15.00 per hour. The unilateral increase of this rate to $25.00 per hour represents a nearly 100% increase, which the contractors could not have anticipated, or budgeted.

2

Defendant will not be prejudiced by no oral argument in this matter and expedited consideration of Plaintiff's motion to compel arbitration because, simply stated, Defendant has already been litigating the facts underlying the issue(s) now before this Court for at least four months. Indeed, since approximately February 2007, Plaintiff has been seeking relief before the National Labor Relations Board ("NLRB") regarding the rig rental rate.[3] Both parties have filed extensive briefs, given multiple witness statements and affidavits, and submitted hundreds of pages of supporting documentation/exhibits to Region 16 of the NLRB, all of which set forth their respective positions regarding the rig rental rate as a mandatory subject of bargaining, and specifically, whether the rig rental rate was bargained over during the negotiations for the 2005-2010 National Pipe Line Agreement ("NPLA"). Accordingly, there is *absolutely nothing* in either the Complaint or the Motion to Compel Arbitration that is substantively new or surprising to Defendant. Given the thoroughness of the NLRB process and submissions, and the significant extension of time granted to Defendant to craft its Answer and Opposition to Plaintiff's Motion to Compel Arbitration, there can be no prejudice to Defendant in this Court reviewing the parties' submissions and rendering its decision within fourteen (14) days.

---

[3] The issue currently pending before the NLRB is whether the rig rental rate is a mandatory subject of bargaining, such that the UA cannot unilaterally increase the rate without negotiating with PLCA. The parties are awaiting a decision from the Board as to Plaintiff PLCA's charges. Plaintiff has just been informed that the Region investigating the charge has sought an opinion from the Board's Division of Advice, thereby delaying the Board process. However, even if Plaintiff PLCA is successful before the NLRB, the relief available from the NLRB is limited, and is potentially several months, if not years, away should the Board not seek injunctive relief pursuant to Section 10(j) of the NLRA. Conversely, if Plaintiff PLCA prevails in this Court and is able to proceed to arbitration, the arbitration process set forth in the parties' collective bargaining agreement is inherently more efficient and expeditious, thereby guaranteeing Plaintiff PLCA more timely relief.

It is significant to note that the Court is not being asked to decide, or even consider, the merits of the underlying dispute. Rather, the only issue before the Court on Plaintiff's Motion to Compel Arbitration is whether the language of the grievance/arbitration provision contained in the parties' collective bargaining agreement requires that the underlying dispute concerning the rig rental rate be subject to arbitration. Oral argument is therefore not necessary, as such a decision can be made by reviewing the grievance/arbitration provision at issue, the parties' submissions, and the relevant case law. Indeed, oral argument in this matter would simply further delay resolution of the dispute, and ultimately subject Plaintiff's member contractors to additional financial losses.

For the foregoing reasons, and in the interests of justice, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion To Compel Arbitration, and render a decision on the merits of Plaintiff's Motion to Compel Arbitration within fourteen (14) days of receiving Defendant's Opposition.

Respectfully submitted,

_____

Lawrence D. Levien, Esq. (DC Bar No. 191528)

AKIN GUMP STRAUSS HAUER & FELD LLP

1333 New Hampshire Ave., N.W.

Washington, DC 20036

(202) 887-4000 (telephone)

(202) 887-4288 (facsimile)

Dated: June __, 2007          Counsel for PLCA

4

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Pipe Line Contractors Association,                )
                                                  )
                                                  )
      Plaintiff,                              )
                                                  )
             v.                           )    Case No. 1:07-cv-00973
                                                  )
United Association of Journeymen and
Apprentices of the Plumbing and Pipefitting
Industry of the United States and Canada,
AFL-CIO, and its constituent
Local Unions                                      )
                                                  )
                                                  )
      Defendant.                              )
_____)

---

**DECLARATION OF J. PATRICK TIELBORG IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

---

      I, J. Patrick Tielborg, having personal knowledge of the facts contained in this declaration and being competent to testify to them, hereby state as follows:

1.     I am Managing Director and General Counsel for the Pipe Line Contractors Association ("PLCA"). I have held this position, or the position of Executive Director since 1978.

2.     In my capacity as Managing Director and General Counsel, I manage PLCA's daily affairs. Additionally I am responsible for coordinating the PLCA Labor Committee activities, assisting the Labor Committee in negotiating all PLCA contracts with labor unions, including those with the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("UA" or "Union"), and policing and enforcing said contracts. I serve at the direction of the PLCA Board of Directors.

3.     PLCA contracts with the UA to perform construction and maintenance of cross-country pipelines. The late spring and summer is generally the busiest time of year for PCLA contractors. This year, PLCA contractors are set to enter their

busiest work season in approximately thirty five (35) years. Indeed, beginning in May, at least twenty PLCA contractors are under contract for large jobs (100 miles or more of 24" pipeline or 100 miles or more of 42" pipeline) that are $25-$80 million dollar projects, and are estimated to require approximately one-quarter of all UA welders, and their welding rigs. At the peak of the season this year, PLCA contractors will be utilizing all 1200 UA welders on their projects.

4. PLCA contractors often bid on projects up to a year in advance of the anticipated starting date. The contractors' bids for projects are based on a combination of estimated costs and certain fixed costs, such as those contractually agreed upon labor and equipment costs, including the rig rental rate. As a result, most of the PLCA contractors' projects that have either already begun, or are set to begin, were bid and contracted based on the then IRS substantiated rate of $14.00 per hour for 2006 (with small cost of living adjustments contemplated for 2007), and their budgets calculated accordingly. The UA's increase to $25.00 per hour represents an approximately sixty percent (60%) increase, and represents hundreds of thousands of dollars for PLCA contractors collectively per week.

5. Given the quantity and scope of PCLA contractors' projects, it is not unreasonable to expect that the contractors collectively may lose several million dollars over the next thirty-days, as a direct result of the UA's increase in the rig rental rate to $25.00/hour

I hereby declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED ON:    June 22, 2007

J. Patrick Tielborg

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Pipe Line Contractors Association, )
)
    Plaintiff, )
)
        v. )    Case No. 1:07-cv-00973
)
United Association of Journeymen and
Apprentices of the Plumbing and Pipefitting
Industry of the United States and Canada,
AFL-CIO, and its constituent
Local Unions )
)
)
)
    Defendant. )
_____)

## [PROPOSED] ORDER

    Upon consideration of Plaintiff's Motion For Expedited Consideration of Plaintiff's Motion To Compel Arbitration, and any opposition thereto, the Court finds that the Motion should be GRANTED, and it is hereby:

    ORDERED that Defendant, the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, and its constituent Local Unions, shall file its Answer or Response to the Complaint on or before July 20, 2007, as scheduled.

    ORDERED that Defendant shall file its Response to Plaintiff's Motion to Compel Arbitration on or before July 20, 2007, as scheduled.

ORDERED that the Court shall consider the parties' submissions, without oral argument, and render its decision within fourteen (14) days of receiving Defendant's Answer and Opposition to Motion to Compel Arbitration.

Entered this ____ day of June 2007.

_____
Honorable Paul L. Friedman