UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
PIPE LINE CONTRACTORS ASSOCIATION, :
:
        Plaintiff, :
:
    v. : Case No. 1:07-cv-00973
:
UNITED ASSOCIATION OF JOURNEYMEN :
AND APPRENTICES OF THE PLUMBING :
AND PIPE FITTING INDUSTRY OF THE :
UNITED STATES AND CANADA, AFL-CIO, :
and its constituent Local Unions, :
:
        Defendants. :
_____:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED
CONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

On May 24, 2007, the Pipe Line Contractors Association ("Plaintiff" or "PLCA") filed the above-captioned action alleging that Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("Defendant, "United Association," or "UA") violated Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), *inter alia*, by declining to submit to arbitration a grievance filed by the PLCA against the UA months earlier, on January 10, 2007. The grievance alleges that the United Association breached the parties' collective bargaining agreement (the National Pipe Line Agreement or "NPLA") by increasing the rate that pipeline welders charge contractors to rent their personal welding rigs. The UA has denied that the grievance is arbitrable because the matter is expressly excluded from the parties' collective bargaining agreement. The UA has further denied that it has in any way violated the NPLA.

On June 4, 2007, Plaintiff filed a Motion to Compel Arbitration of this dispute. Thereafter, by order dated June 11, 2007, the Court granted Defendant's motion to extend its time to July 20, 2007 to respond to the Complaint and the Motion to Compel Arbitration.

On June 22, 2007, Plaintiff filed with the Court a Motion to Expedite Consideration of Plaintiff's Motion to Compel Arbitration.[1]  In that Motion, Plaintiff requested that the Court (1) not permit oral argument on the Motion; (2) decide the Motion within 14 days of July 20, *i.e.*, by August 3, 2007; and (3) decline all further requests for extensions of time.

While Defendant certainly has no objection to the Court's expeditiously deciding Plaintiff's motion, it respectfully submits that Plaintiff's request to dispense with oral argument at this time is unwise.  The PLCA's Motion to Compel is, in effect, a dispositive motion in a fact-intensive case that involves matters of extreme importance to Plaintiff, as well as to Defendant and its welder members.  Most assuredly, it is within the Court's prerogative to have oral argument – or not – as it deems fit; however, the Court should defer any decision on oral argument until it has had the chance to review and consider the evidence and arguments provided by the Defendant in its opposition to the motion to compel, which it will have by July 20.  Once the briefing on the motion is completed,  the Court may decide – on its own and on its own timetable – whether oral argument will assist the Court in the resolution of this matter. Moreover, given that Plaintiff will assuredly avail itself of its right to file a reply brief,  the Plaintiff's move to dispense with oral argument will deprive Defendant of any opportunity to

---

[1] We note that, contrary to Local Rule 7(m), Plaintiff made no effort to advise Defendant of this Motion in advance (other than counsel's vague statement that he planned to file something with the Court but "didn't know what") or seek the undersigned's position with regard to the Motion.

address Plaintiff's rebuttal, which it would otherwise be able to do were the Court to determine, after review of <u>both</u> parties' filings, that oral argument was appropriate.[2]

Defendant also urges the Court to reject Plaintiff's request that it issue an order compelling the Court to resolve this matter within 14 days after Defendant files its opposition. The UA notes that if Plaintiff files a reply, it will have five (5) working days to do so, leaving the Court with a mere week to issue a decision and order based on a review of substantial submissions from both parties, not to mention consideration of the applicable case law. Defendant believes that such a request is wholly inappropriate. In Defendant's view, the Court should decide this matter when it is ready to do so, not because of needless orders that serve only to constrain the Court in the management of its schedule and caseload.

Finally, the Plaintiff has requested that no further extensions of time be granted. As with the request to dispense with oral argument and to impose an artificial deadline for issuing a decision, the request to preclude any and all further extensions of time is presumptuous. While Defendant has no objection to the Court's acting as quickly as it believes appropriate, the Court should not foreclose – sight unseen and reasons unheard – the possibility of additional extensions. The Court should reserve to itself, without imposition of a wholly unnecessary self-

---

[2] Plaintiff also maintains (Motion at 3) that oral argument on its Motion to Compel is not required because the parties have been litigating the same underlying facts before the National Labor Relations Board ("NLRB") for several months. This is a non-sequitur. The purpose of oral argument is to assist the Court in its resolution of the issues presented in this case, *inter alia*, whether the PLCA's grievance is substantively arbitrable and whether the parties should be ordered to arbitrate that grievance. The presentations made by the parties to the NLRB address issues separate and distinct from those raised in this case, primarily whether the conduct of the United Association violated the National Labor Relations Act. Similarly, the Plaintiff's contention that the lengthy submissions to the NLRB also warrant expedited consideration of Plaintiff's Motion to Compel Arbitration similarly misses the point. Thus, whether any matters raised in Plaintiff's motion are "substantively new or surprising" (*id.*) to Defendant or whether the parties have been immersed in this dispute in another forum for months is irrelevant to the Court's timetable for decision-making. The Court should take whatever time it deems necessary without the imposition of an order directing an August 3 deadline.

imposed order – the ability to determine whether future extensions are warranted. Again, Defendant respectfully requests that there is no reason for the Court to tie its own hands with respect to circumstances that have yet to present themselves.

Plaintiff's plea for speed based on the financial losses Plaintiff claims it will incur in the next thirty (30) days is no reason for the Court to impose wholly unnecessary orders on itself. Plaintiff has known of Defendant's position with respect to the substantive arbitrability of this matter for several months. It has also known full well the potential costs of the dispute. Plaintiff chose, however, to pursue a remedy with the NLRB, rather than immediately come to this Court for the relief it claims is due. Rather than issue a complaint, the NLRB sent the matter to the Division of Advice, precisely because the issues presented to the NLRB were difficult to resolve and required additional consideration. Plaintiff seeks to preempt this Court's ability to take the requisite time it may need to resolve the issues in this case by asking the Court to limit how it will decide the issues presented by the parties. In light of the foregoing, especially the Plaintiff's calculated decision to wait to file this action until late May – almost five months after the dispute arose in January – it comes with poor grace for Plaintiff to demand this Court to move with lightening speed to decide a case fraught with significant issues and of undeniably great importance to Defendant and its rig welder members.

For these reasons, Plaintiff's Motion should be denied.

Respectfully submitted,

Dated: June 29, 2007    By:    \_\_\_\_/s/_____
James R. O'Connell (#61424)
joconnell@odonoghuelaw.com
Ellen O. Boardman (#375563)
eboardman@odonghuelaw.com
Keith R. Bolek (#463129)
kbolek@odonoghuelaw.com
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – phone
(202) 237-1200 – facsimile

Counsel for the Defendant
United Association

162337_1.DOC

5

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of June 2007, a true and accurate copy of Defendant's Opposition to Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion to Compel Arbitration was served via electronic filing with the Court on the following:

>Lawrence D. Levien
>Nicole M. Morgan
>Akin, Gump, Straus, Hauer & Feld LLP
>1333 New Hampshire Avenue, N.W.
>Washington, D.C. 20036

/s/_____
Ellen O. Boardman